1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8
   B. Spain,                                )    No. CV-08-1089-PHX-DGC
9                                           )
                 Plaintiff,                 )    **ORDER**
10                                          )
   vs.                                      )
11                                          )
   Eagleburger Group; Gregory and Jane      )
12 Doe Eagleburger; Lester Penterman,       )
   P.C.;  Lester Penterman and Jane Doe     )
13 Penterman; James and Jane Doe Marlar;    )
   and Roslyn O. Silver,                    )
14                                          )
                 Defendants.                )
15                                          )
                                            )
16 _____ )

17          This action is one of many that has arisen from a bankruptcy case commenced more

18 than twenty years ago.  The history of this saga is complicated and extensive.  The Court will

19 provide only those background facts relevant and necessary to resolve pending motions.

20 **I.      The Bankruptcy Case.**

21          Norma Hurt and Milton Pace divorced in 1978.  The divorce decree awarded Hurt

22 several properties located in Creede, Colorado ("Colorado Properties").  In 1985, Hurt filed

23 for bankruptcy in the District of Arizona ("Bankruptcy Case").  The Colorado Properties

24 were included in the bankruptcy estate.  One of the claimants in the Bankruptcy Case was

25 Plaintiff Andrew B. Spain.  On April 3, 1990, the bankruptcy court issued an order approving

26 a stipulated settlement agreement disposing of all claims against the bankruptcy estate

27 ("Settlement Agreement").  *See In re Norma Hurt*, No. 85-3802-PHX-RGM, Adv. No. 87-

28 199 (Bankr. D. Ariz. Apr. 3, 1990).  Spain and other claimants appealed the bankruptcy

1  court's order, arguing in part that the Settlement Agreement was unenforceable due to
2  misrepresentation and fraud.  The order was affirmed.  *See In re Hurt*, BAP No. AZ-90-
3  1142/AZ-90-1174 RJMe (BAP 9th Cir. June 1, 1992); *In re Hurt*, No. 92-16538, 1994 WL
4  224263, 26 F.3d 130  (9th Cir. May 26, 1994), *cert. denied sub nom.*, *Kachina Plywood, Inc.
5  v. Hurt*, 513 U.S. 1190 (1995), *and Pace v. Hurt*, 514 U.S. 1098 (1995).

6        In January 2003, Bankruptcy Judge James Marlar confirmed the bankruptcy estate's
7  sale of the Colorado Properties to the City of Creede.  *See In re Hurt*, No. B-85-03802-JMM
8  (Bankr. D. Ariz. Jan. 31, 2003).  ITNX, Inc., an entity allegedly controlled by Spain and
9  Pace, appealed from Judge Marlar's confirmation order.  The order was affirmed.  *See In re
10 Hurt*, BAP No. AZ-98-1532-KPRy (BAP 9th Cir. Sept. 13, 1999); *In re Hurt*, No. 00-15088,
11 2001 WL 615282, 9 Fed. Appx. 780  (9th Cir. June 5, 2001).[1]

12 **II.    Judge Silver's Case.**

13       In August 2004, Spain filed a complaint in the District of Colorado against Judge
14 Marlar, Hurt, and counsel who represented Hurt in her divorce proceedings and the
15 Bankruptcy Case (the Eagleburger Group, Gregory Eagleburger, Lester Penterman, P.C., and
16 Lester Penterman).  The case was transferred to this Court and assigned to Judge Silver.  *See*
17 Dkt. #52, CV-06-712-PHX-ROS.  The second amend complaint asserted claims under the
18 Racketeer Influenced and Corrupt Organizations Act ("RICO").  Dkt. #64.  Spain alleged that
19 the Colorado Properties were not part of the Settlement Agreement and that the defendants
20 made misrepresentations and filed fraudulent documents in the Bankruptcy Case.  *Id.*  He
21 further alleged that Judge Marlar knowingly approved the fraudulent Settlement Agreement
22 in confirming the sale of the Colorado Properties.  *Id.*  Judge Silver granted defendants'
23 motions to dismiss on the ground that Spain's claims could have been raised in the
24 Bankruptcy Case and were therefore barred by the doctrine of res judicata.  Dkt. #92.

25 **III.   This Suit.**

26       On June 8, 2008, Spain commenced this action by filing a complaint against Judge

27 ─────────────────────

28       [1]Copies of orders entered in the Bankruptcy Case were made part of the record in
   Judge Silver's case.  *See* Dkt. ##56-3 at 1-51, 83-4 at 2-5, CV-06-712-PHX-ROS.

1   Silver and all defendants named in Judge Silver's case with the exception of Hurt.  Dkt. #1.

2   The complaint asserts RICO claims based on an alleged conspiracy between Defendants to

3   deprive Spain of his purported ownership of the Colorado Properties.  *Id.*

4         Defendants have filed motions to dismiss.  Dkt. ##6, 16, 18.  Judge Silver and Judge

5   Marlar have filed a motion to enjoin vexatious litigation.  Dkt. #16.  The Penterman

6   Defendants have filed a motion for sanctions. Dkt. #28.  Spain has filed a motion for partial

7   summary judgment (Dkt. #12), a motion to amend the complaint (Dkt. #23), and motions to

8   strike  (Dkt. ##36, 38, 40, 42).  For reasons stated below, the Court will grant the motions to

9   dismiss, grant the motion to enjoin vexatious litigation, deny the motion for sanctions, and

10  deny Spain's motions.[2]

11  **IV.    The Motions to Dismiss.**

12        **A.    Res Judicata.**

13        Judge Marlar and the Eagleburger and Penterman Defendants argue that Spain's

14  claims against them are barred by the doctrine of res judicata.  Dkt. ##6, 12, 18.  The Court

15  agrees.

16        The complaint in this case is nearly identical to the second amended complaint filed

17  in Judge Silver's case.  *Compare* CV-08-1905-PHX-DGC, Dkt. #1 *with* CV-06-712-PHX-

18  ROS, Dkt. #64.  Judge Silver dismissed the second amended complaint on the merits, and

19  final judgment was entered in favor of Defendants and against Spain.  *See* CV-06-712-PHX-

20  ROS, Dkt. ##92-93.

21

22        [2]The requests for oral argument are denied.  Because the parties have fully briefed the

23  issues, oral argument will not aid the Court's decision or result in unfair prejudice to any
    party. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724,

24  729 (9th Cir. 1991) (denial of oral argument is not prejudicial where the parties have "an
    adequate opportunity to apprise the trial court with evidence and a memorandum of law");

25  *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("a district court can decide [motions]

26  without oral argument if the parties can submit their papers to the court"); *Mahon v. Credit
    Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (district court did not abuse

27  its discretion in denying oral argument where the parties provided the court with "complete

28  memoranda of law and evidence in support of their respective positions"); *see also* Fed. R.
    Civ. P. 78 (establishing that district courts may decide motions without oral argument).

1    "The doctrine of res judicata provides that 'a final judgment on the merits bars further

2 claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127

3 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153-54

4 (1979)).  Because the claims asserted in this action are identical to those brought in Judge

5 Silver's case, the final judgment in Judge Silver's case bars the instant claims on res judicata

6 grounds.  *See id.*; *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)

7 (doctrine of res judicata bars a claim where there is an identity of claims, an identity of

8 parties, and a final judgment on the merits).  Dismissing Spain's claims on res judicata

9 grounds is particularly apt because the doctrine "is meant to protect parties against being

10 harassed by repetitive actions." *Bell v. United States*, No. CV F 02-5077 AWI DLB, 2002

11 WL 1987395, at *4 (E.D. Cal. June 28, 2002) (citing *Clements v. Airport Auth. of Washoe*,

12 69 F.3d 321, 329 (9th Cir. 1995)).[3]

13    **B.    Judicial Immunity.**

14    Spain claims that Judge Marlar was complicit in the alleged falsification of the

15 Settlement Agreement and conspired with Defendants to issue an erroneous order confirming

16 the sale of the Colorado Properties.  Dkt. #1 at 8-9, ¶ 20.  Spain further claims that Judge

17 Silver has knowledge of the alleged conspiracy and aided and abetted the conspirators.  *Id.*

18 at 9, ¶ 22.

19    Judge Marlar and Judge Silver correctly argue that the claims against them must be

20 dismissed on grounds of judicial immunity.  Dkt. #16.  Judges are "generally immune from

21 a civil action for damages." *Bell*, 2002 WL 1987395, at *5.  The scope of judicial immunity

22 is broad.  "A judge's immunity applies no matter how 'erroneous the act may have been, and

23 however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (quoting

24 *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).  A judge is immune even where the

25 plaintiff alleges that the judge "took an action in excess of the judge's judicial authority."

26

27 _____

28    [3]One of Spain's associates, W. Mooney, filed similar claims against Defendants in an action before Judge Sedwick.  Dkt. #1, CV-07-107-PHX-JWS.  Judge Sedwick denied the claims on the merits.  *See* Dkt. ##44, 47.

1   *Id.*

2          Judge Marlar's orders in the Bankruptcy Case and Judge Silver's dismissal of Spain's

3   RICO claims clearly are "judicial acts, taken within each court's subject matter jurisdiction,

4   and as such the [Judges] are immune from suit." *Stone v. Baum*, 409 F. Supp. 2d 1164, 1175

5   (D. Ariz. 2005); *see Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).  As

6   long as the judge's ultimate acts are judicial actions taken within the court's subject matter

7   jurisdiction, immunity applies."); *Blackburn v. Calhoun*, No. 207CV166, 2008 WL 850191,

8   at *21 (N.D. Ala. Mar. 4, 2008) (judicial immunity "applies where RICO-challenged acts are

9   'judicial in nature'") (citation omitted); *Purpura v. Buskin, Gaims, Gains, Jonas & Stream*,

10  No. 08-2974 (FLW), 2008 WL 4951324, at *6 (D.N.J. Nov. 18, 2008) (dismissing RICO

11  claims on judicial immunity grounds where the plaintiff alleged that a divorce decree was the

12  "product of some unsubstantiated conspiracy between individuals, interacting in their

13  professional capacities, whose sole purpose was allegedly to defraud [the plaintiff] of his

14  property"); *see also* CV-07-107-PHX-JWS, Dkt. #44   (dismissing claims against Judge

15  Marlar on judicial immunity grounds).

16         **C.     Summary.**

17         Spain's RICO claims are barred by the doctrine of res judicata.  Judge Marlar and

18  Judge Silver are immune from suit.  Spain has alleged no independent claims against

19  Defendants' spouses, the Jane Doe Defendants.  The Court will therefore grant the motions

20  to dismiss in their entirety.

21  **V.     Spain's Motion to Amend the Complaint.**

22         Spain seeks leave to amend his complaint to assert claims under 42 U.S.C. § 1983

23  against Judge Marlar and Judge Silver.  Dkt. #23.  Section 1983, however, was not intended

24  to abolish the doctrine of judicial immunity." *Ashelman*, 793 F.2d at 1075.  Because judicial

25  immunity would bar the proposed § 1983 claims, *see id.*, amending the complaint would be

26  futile.  The Court will deny Spain's motion for leave to amend. *See Stone*, 409 F. Supp. 2d

27  at 1175 (denying leave to add judicial defendants on futility grounds).

28

1   **VI.    Spain's Motion for Partial Summary Judgment.**

2          Spain's motion, supported solely by his own affidavit testimony, seeks a summary

3   judgment finding that the Colorado Properties belong to him, that Defendants conspired to

4   deprive him of his ownership interest in the properties, and that Judge Silver wrongfully

5   dismissed the claims asserted in CV-06-712-PHX-ROS.  Dkt. #12.  As explained above,

6   Spain's claims are barred the doctrines of res judicata and judicial immunity.  The Court will

7   deny the motion for partial summary judgment.

8   **VII.   Spain's Motions to Strike.**

9          Spain has filed several motions to strike in connection with his summary judgment

10  motion.  *See* Dkt. ##36, 38, 40, 42.  The motions are moot given the rulings above.

11  Moreover, the motions are improper under the Court's Local Rules of Civil Procedure.  *See*

12  LRCiv 7.2(m).  The Court will deny the motions.

13  **VIII.  The Penterman Defendants' Motion for Sanctions.**

14         The Penterman Defendants have filed a motion seeking the imposition of sanctions

15  against Spain pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkt. #28.  "[T]he

16  Rule's safe harbor provision requires parties filing such motions to give the opposing party

17  21 days first to 'withdraw or otherwise correct' the offending paper."  *Holgate v. Baldwin*,

18  425 F.3d 671, 678 (9th Cir. 2005).  Courts must "enforce this safe harbor provision strictly."

19  *Id.*; *see* Fed. R. Civ. P. 11, 1993 Am. to Advisory Comm. Notes.

20         In this case, Defendants "did not serve [Spain] with the motion in advance of filing

21  and thus did not comply with the [21-day safe harbor] provision."  *Radcliffe v. Rainbow*

22  *Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).  The Court will therefore deny the motion.

23  *See id.*; *Holgate*, 425 F.3d at 678 ("We must reverse the award of sanctions when the

24  challenging party failed to comply with the safe harbor provisions, even when the underlying

25  filing is frivolous."); *see also* CV-07-107-PHX-JWS, Dkt. #47 at 5-6 ("Because defendants'

26  request for an award of sanctions against W. Mooney does not comply with the [safe harbor]

27  requirements, the court will deny defendants' request for sanctions under Rule 11.").

28

**IX.     The Motion to Enjoin Vexatious Litigation.**

Judge Marlar and Judge Silver seek an order declaring Spain a vexatious litigant and enjoining him from filing further actions concerning the Colorado Properties.  Dkt. #16. Spain has filed a response to the motion.  Dkt. #22.  Having carefully considered the filings in this case and others regarding the ownership and sale of the Colorado properties, the Court finds that Spain is a vexatious litigant who must be enjoined from filing further actions concerning the Colorado Properties without leave of Court.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  Spain's claims relating to the Colorado Properties have been repeatedly denied.[4] "With each judicial failure, [Spain] file[s] the next cause of action, creating a snowballing effect by naming the same defendants and adding attorneys and judges [he holds] responsible for [his] defeat." *Stone*, 409 F. Supp. 2d at 1168.  Spain's claims are not only numerous, but "'patently without merit.'"  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007) (citation omitted).  The Court accordingly will enjoin Spain from filing in this Court, absent prior permission, any suit against Defendants concerning the Colorado Properties.  *See* 28 U.S.C. § 1651.

**IT IS ORDERED:**

1.      Defendants' motions to dismiss (Dkt. ##6, 16, 18) are **granted**.

2.      Plaintiff's motions (Dkt. ##12, 23, 36, 38, 40, 42) are **denied**.

3.      The motion for sanctions (Dkt. #28) is **denied**.

4.      The motion to enjoin vexatious litigation (Dkt. #16) is **granted**.

5.      Plaintiff Andrew B. Spain is **enjoined** from filing in this Court, absent prior

---

[4]*See, e.g.*, *In re Hurt*, BAP No. AZ-90-1142/AZ-90-1174 RJMe (BAP 9th Cir. June 1, 1992); *In re Hurt*, No. 92-16538, 1994 WL 224263, 26 F.3d 130  (9th Cir. May 26, 1994); *In re Hurt*, BAP No. AZ-98-1532-KPRy (BAP 9th Cir. Sept. 13, 1999); *In re Hurt*, No. 00-15088, 2001 WL 615282, 9 Fed. Appx. 780  (9th Cir. June 5, 2001); Case No. CV-06-712-PHX-ROS.

permission, any suit against Defendants concerning the Colorado Properties.

6.      The Clerk is directed to **terminate** this action.

DATED this 9th day of February, 2009.

_____
David G. Campbell
United States District Judge